**E-FILED**
Wednesday, 13 April 2005 01:59:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

APR 0 7 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICHARD L. FULLER, )
)
Reg. No. #B-35426 )
)
    Plaintiff, )
)
vs. )     Case No. 05-3085
)     (Supplied by Clerk)
LARRY T. SIMS, et al., )
)
_____ )
)
    Defendant(s). )

### PETITION AND AFFIDAVIT FOR LEAVE
### TO PROCEED IN FORMA PAUPERIS

I, ___Richard L. Fuller___, plaintiff or petitioner, move the court for leave to proceed _in forma pauperis_ in the above-named action.  I declare under penalty of perjury that the following facts are true:

1.  I am the party initiating this action and I believe I am entitled to redress.

2.  I am unable to prepay the fees and costs of this proceeding, or to give security, because of my poverty.

3.  I am (check one) Single _XX_ Married ___ Separated ___ Divorced ___

4.  My responses to the following questions are true:

A.  Are you presently employed in any capacity including a paying position while incarcerated as an inmate in a correctional center?
Yes ( XX )   No (   )

B.  If so, by whom, what is your position, and what is your pay? _Lawrence Corr. Ctr., Wing Porter;_ _$15.00 per month_

C.  If not, when were you last employed and what was your pay?  This includes prior inmate positions? _Logan Corr. Ctr.,  cell house Porter;  $15.00 per_ _month._

1

D.  Have you received money from any other source,
including judgments, in the last 12 months?
Yes (   )  No ( xx )  If yes, describe each source and
state how much you received.
_____ N/A _____
_____

E.  If you are presently incarcerated, how much
money do you have in your institutional trust fund
account? _Please see attached audit of my Trustfund Account._

F.  If withdrawals were made from your
institutional trust fund account during the past 12
months, please explain when, how much, and the purpose
for which funds were used.
None                    N/A
_____
_____

G.  How much money do you have in private checking
or saving accounts?
                     N/A
_____

H.  Do you own any real estate, stocks, bonds,
notes, automobiles, or other valuable property,
including audio visual equipment such as T.V.s,
stereos, etc. (except for ordinary household furniture
and clothing)? Yes (   ) No ( XX )

If yes, describe the property and its approximate
value: _____ absolutely none _____ N/A _____
_____

I.  Do you have any debts or obligations?
Yes (   ) No ( XX )

If yes, list the amount owed, to whom, and any
current payments that you are making.
_____ NONE _____ N/A _____
_____

J.  List your dependents, state your relationship
to them, and state how much you contribute to their
support each month.  Also, state how long you have
contributed to that support and other means by which
your dependents receive support.
                     N/A
_____
_____
_____

2

K.    Estimate the total amount of income or support
that your dependents receive per month on an average,
excluding your contributes to them.
                N/A
_____

I declare under penalty of perjury and fine that
the foregoing is true and correct and that I have a
continuing duty to advise the court of any changes in my
financial position as stated above.

Richard L. Fuller
SIGNATURE

March   30th   2005
DATE

REPORT CRITERIA  -  Date: 08/28/2004 thru End;    Inmate: B35426;    Active Status Only ? : No;    Print
Restrictions ? : Yes;    Transaction Type: All Transaction Types;    Print Furloughs / Restitutions ? : Yes;    Include
Inmate Totals ? : Yes;    Print Balance Errors Only ? : No

**Inmate: B35426 Fuller, Richard**                    **Housing Unit: LAW-R3-AL-03**

| Date | Source | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|------|--------|-----------------|-------|-------------|-------------|-------:|-------:|
| | | | | | **Beginning Balance:** | | 2.60 |
| 09/08/04 | Mail Room | 01 MO/Checks (Not Held) | 252219 | 45204870326 | Fuller, Alonza | 25.00 | 27.60 |
| 09/20/04 | Payroll | 20 Payroll Adjustment | 264134 | | P/R month of 08/2004 | 10.86 | 38.46 |
| 09/23/04 | Point of Sale | 60 Commissary | 267713 | 82592 | Commissary | -36.40 | 2.06 |
| 09/27/04 | Disbursements | 83 Copies | 271334 | Chk #9006 | 046054, Doc: Legal Copies,    Inv. Date: 09/16/2004 | -.75 | 1.31 |
| 09/30/04 | Disbursements | 84 Library | 274334 | Chk #9048 | 046108, DOC: Library Copies,    Inv. Date: 09/22/2004 | -.20 | 1.11 |
| 09/30/04 | AP Correction | 84 Library | 274534 | Chk #9048 Voided | 046108 - DOC: Library Copies | .20 | 1.31 |
| 09/30/04 | Disbursements | 84 Library | 274334 | Chk #9059 | 046108, DOC: Library Copies,    Inv. Date: 09/22/2004 | -.20 | 1.11 |
| 10/01/04 | Mail Room | 01 MO/Checks (Not Held) | 275219 | P754009 | Fuller, Catherine | 25.00 | 26.11 |
| 10/15/04 | Payroll | 20 Payroll Adjustment | 289118 | | P/R month of 09/2004 | 15.00 | 41.11 |
| 10/21/04 | Point of Sale | 60 Commissary | 295728 | 86012 | Commissary | -32.18 | 8.93 |
| 11/04/04 | Point of Sale | 60 Commissary | 309728 | 87761 | Commissary | -6.60 | 2.33 |
| 11/12/04 | Payroll | 20 Payroll Adjustment | 317134 | | P/R month of 10/2004 | 14.40 | 16.73 |
| 11/18/04 | Point of Sale | 60 Commissary | 323713 | 89521 | Commissary | -14.17 | 2.56 |
| 11/23/04 | Mail Room | 01 MO/Checks (Not Held) | 328221 | 1134179 | Fuller, Catherine | 50.00 | 52.56 |
| 12/02/04 | Point of Sale | 60 Commissary | 337724 | 91334 | Commissary | -19.92 | 32.64 |
| 12/09/04 | Point of Sale | 60 Commissary | 344728 | 92074 | Commissary | -27.56 | 5.08 |
| 12/10/04 | Payroll | 20 Payroll Adjustment | 345134 | | P/R month of 11/2004 | 14.40 | 19.48 |
| 12/15/04 | Disbursements | 80 Postage | 350334 | Chk #9735 | 046900, DOC: 523 Fund Reimburs, Inv. Date: 12/08/2004 | -.74 | 18.74 |
| 12/16/04 | Point of Sale | 60 Commissary | 351724 | 93208 | Commissary | -14.16 | 4.58 |
| 01/14/05 | Payroll | 20 Payroll Adjustment | 014134 | | P/R month of 12/2004 | 14.40 | 18.98 |
| 01/18/05 | Point of Sale | 60 Commissary | 018725 | 96754 | Commissary | -14.14 | 4.84 |
| 01/24/05 | Point of Sale | 60 Commissary | 024731 | 98014 | Commissary | -4.54 | .30 |
| 02/07/05 | Payroll | 20 Payroll Adjustment | 038134 | | P/R month of 01/2005 | 14.40 | 14.70 |
| 02/14/05 | Point of Sale | 60 Commissary | 045731 | 100318 | Commissary | -12.48 | 2.22 |

| | |
|---|---:|
| **Total Inmate Funds:** | 2.22 |
| **Less Funds Held For Orders:** | .00 |
| **Less Funds Restricted:** | .00 |
| **Funds Available:** | 2.22 |
| **Total Furloughs:** | .00 |
| **Total Voluntary Restitutions:** | .00 |

## CERTIFICATE

(To be complete for prisoners only.  This is a statement by the prison and not the prisoner.)

I hereby certify that the plaintiff or petitioner in this action has the sum of $ _2.22_ in his trust account at the correctional center where he is confined.  I further certify that the plaintiff or petitioner has the following securities to his credit according to the records of this institution:

_____
_____
_____
_____
_____

_____
(Authorized Officer)

_____
(Institution)

_____
(Title)

DATE _2-28-05_

IMPORTANT
(THIS CERTIFICATE MUST BE ACCOMPANIED BY A TWELVE MONTH LEDGER OF THE PLAINTIFF/PETITIONER'S TRUST FUND ACCOUNT.)

Richard Fuller

Date _2-28-05_

4

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

RICHARD L. FULLER                  )
          **Plaintiff**        )
                         )
          **vs.**           )
                         )
WARDEN OF THE LOGAN CORRECTIONAL )
FACILITY, LARRY T. SIMS, in his  )
individual and official capaci-  )
ties;  et al.,                   )
          **Defendant(s)**     )

Case No. _05-308 5_

## COMPLAINT

**☒X**     **42 U.S.C. §1983 (suit against state officials for constitutional violations)**

**☐**     **28 U.S.C. § 1331 (suit against federal officials for constitutional violations)**

**☐**     **Other**_____

*Please note:  This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, __RICHARD L. FULLER  #B-35426__, and states as follows:

My current address is: __Rural Route 2, Box 31 - Sumner, Illinois 62466-0031__

The defendant __LARRY T. SIMS__, is employed as __The Warden of the__

__Logan Correctional Center__ at __Lincoln, Illinois__

The defendant __STEPHANIE GETTLEMAN__, is employed as __Correctional Officer at__

__Logan Correctional Center__ at __Lincoln, Illinois__

The defendant __Lt. Turley__, is employed as __is a Lieutenant at the__

__Logan Correctional Center__ at __Lincoln, Illinois__

The defendant __ROGER E. WALKER__, is employed as __the Director of the Illinois__

__Department of Corrections__ at __Springfield, Illinois__

(revised 9/96)

The defendant _____, is employed as _____

_____ at _____

Additional defendants and addresses _____

_____

_____

_____

For additional plaintiffs or defendants, provide the information in the same format as above on a

separate page.

## LITIGATION HISTORY

A.  Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?                Yes        ❑                            No    ☒

If yes, please describe _____

_____

B.  Have you brought any other lawsuits in state or federal court while incarcerated?

                         Yes    ❑                            No    ☒

C.  If your answer to B is yes, how many?  _N/A__  Describe the lawsuit in the space below.  (If there

is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same

outline.)

   1.  Parties to previous lawsuit:

      Plaintiff(s)  _____ NONE _____

      Defendant(s)  _____ N/A _____

      _____

   2.  Court (if federal court, give name of district; if state court, give name of county)

      _____ N/A _____

   3. Docket Number/Judge_____ N/A _____

2

4.  Basic claim made _____ N/A _____

5.  Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is it

still pending?) _____ N/A _____

6.  Approximate date of filing of lawsuit_____ N/A _____

7.  Approximate date of disposition _____ N/A _____

For additional cases, provide the above information in the same format on a separate page.


## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A.  Is there a grievance procedure available at your institution?   Yes  ☒     No  ☐

B.  Have you filed a grievance concerning the facts relating to this complaint?   Yes  ☒     No  ☐

If your answer is no, explain why not _____

_____

C.  Is the grievance process completed?     Yes  ☒     No  ☐

*PLEASE NOTE: THE PRISON LITIGATION REFORM ACT BARS ANY INCARCERATED PERSON*

*FROM BRINGING SUIT CONCERNING THE CONDITIONS OF HIS CONFINEMENT UNLESS AND*

*UNTIL HE HAS EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES.  PLEASE ATTACH*

*COPIES OF MATERIALS RELATING TO YOUR GRIEVANCE.*

## STATEMENT OF CLAIM

**Place of the occurrence** Logan Correctional Center - Lincoln, Illinois 62656

**Date of the occurrence** December 7, 2003

**Witnesses to the occurrence** Daniel Fernandez; Kiro Santiago; Juan Pagan & Kenneth
Finley

*State here briefly the FACTS that support your case. Describe how EACH defendant is involved.*
*Do not give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*
*THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.*

**Please** find Statement of Claim beginning on page #4 under "Factual

Allegation".

# RELIEF REQUESTED

*(State exactly what relief you want from the court.)*

**Please** see page #14 for Relief Requested:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**JURY DEMAND**          **Yes**   ☒            **No**   ☐

**Signed this** _____30th_____ **day of** ___MARCH_____ , 19 2005 .

*Richard L. Fuller*

( *Signature of Plaintiff*)

| *Name of Plaintiff:* | *Inmate Identification Number:* |
|---|---|
| RICHARD L. FULLER | #B-35426 |
| *Address:* Rural Route 2, Box 31 Sumner, Illinois 62466-0031 | *Telephone Number:* (618) 936-2064 |

(5)

STATE OF ILLINOIS        )
                         )  SS
COUNTY OF LAWRENCE       )


## VERIFICATION OF CERTIFICATION

I, Richard L. Fuller , the undersigned, certify and state that:

    1.  I am the Plaintiff in the foregoing legal action;

    2.  I have witnessed and read the foregoing Complaint and have knowledge of its contents; and

    3.  Under penalties as provided by law pursuant to 28 USC 1746, 18 USC 1621, or 735 ILCS 5/1-109 of the Code of Civil Procedure, declare that I am the named party in this foregoing legal action and have thoroughly read and verify that all statements & informa-tion set forth in the attached Complaint as well as this Affidavit - are true and correct except as to matters therein stated to be on information and belief, and as to such matters I certify that I believe the same to be true.

Date: March 30, 2005

/s/ Richard L. Fuller

RICHARD L. FULLER

IN THE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD L. FULLER, | ) |
| Plaintiff, | ) |
| | ) |
| -VS- | ) Case No._____ |
| | ) |
| WARDEN of the LOGAN CORRECTIONAL CENTER, LARRY T. SIMS, in his individual and official capacities; Correctional Officer, STEPHANIE GETTLEMAN, in her individual and official capacities; Lieutenant Turley, in his individual and official capacities; and, ROGER E. WALKER, Director of the Illinois Department of Corrections, in his official capacity. | ) ) ) ) ) ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendant(s). | ) |

### C O M P L A I N T

**Plaintiff**, Richard L. Fuller, Pro se, believes he's compelled to bring his Civil Rights Action (in the best interest of Justice), pursuant to 42 U.S.C. Section 1983, in view of conscious, deliberate Abuse & Misuse of Authority on behalf of Illinois Correctional Officials for which has now become a daily practice that ultimately causes this humble prisoner significant hardship, mental anguish & undue pain and suffering——all of which is nothing less than a form of cruel and unusual punishment violative of the Plaintiff's Constitutional Rights. Enclosed, and supported by factual allegations as well as documentation is a chronological and comprehensive display of the facts giving rise to the Plaintiff's claims-case. Thus,

the Plaintiff has raised a valid credible  as  well  as  factual
claim upon which relief can be granted relating the matter in ques-
tion  that is safeguarded by the following U.S. Constitutional
Amendments; Fifth, Sixth, Eighth and Fourteenth.

## I. JURISDICTION

1.   This Court has Jurisdiction over the Plaintiff's Federal
claims pursuant to 28 U.S.C. § 1343(a)(3), and State-law claims
pursuant to 28 U.S.C. § 1367.

## II. VENUE

2.   The Central District of Illinois, Springfield Division, is
an appropriate venue under 28 U.S.C. § 1391(b)(2), because a sub-
stantial part of the events and or omissions giving rise to the
claims occurred in this District.

## III. PARTIES

3.   Plaintiff, Richard L. Fuller, a former Inmate of the Logan
Correctional Facility located in Lincoln, Illinois, where he served
a fraction of his forty five (45) year sentence.

4.   Defendant, Larry T. Sims, is the Warden of the Logan Cor-
rectional Center and Chief Administrative Officer. Warden Sims is
responsible for conditions as well as the over-all operations of
the prison. Warden Sims is the final policy maker for the Logan
Correctional Facility. He is being sued in his individual and of-
ficial capacities.

5.   Defendant, Stephanie Gettleman, is a Correctional Officer
at the Logan prison and the initiator of the incident
that occurred on December 7, 2003. She is responsible for the safe-
ty and security of prisoners under her watch. She is being sued in
her individual and official capacities.

6.   Defendant, Lieutenant Turley, is a Lieutenant at the Logan

(2)

facility and is response for the supervision of subordinate staff
as well as maintain inmate safety and security and respond to In-
mate's complaints and or requests. He is sued in his individual
and official capacities.

7.  Defendant, Roger E. Walker, is The Director of the Illinois
Department of Corrections——and as such is responsible for the over-
all operations and oversite as well as Integrity of the Department.
The office of the Director ultimately decided against the Plaintiff
in absence of undisputed evidence-facts that proved Officer Gettle-
man's report was an exasperation, exaggerative, fraudulent & false.
Despite the fact that the Administrative Review Board via Melody
J. Ford's recommendation dated March 22, 2004, was partly correct
and conflicting to say the least; besides recommending that Plain-
tiff's Grievance be denied in paragraph #8, while in the final para-
graph remands the Adjustment Committee Summary back to the Logan
Correctional facility - care of Warden Sims for further investiga-
tion surrounding witness testimony. The above indicates that there
should be two (2) possible different Adjustment Committee summary
reports in this case. Hence, the Director is sued in his official
capacity.

At all times  all of the above defendants while serving in
their official capacity and while acting under the color of State
law and Rules pursuant to Illinois Administrative Code——violated
the Plaintiff's State and Federal Constitutional Rights in the fol-
lowing manner:

-  **I N T R O D U C T I O N**  -

In 1842, Charles Dickens visited Philadelphia's Eastern State
Penitentiary  and he  wrote:

> "The system is rigid, strict and hopeless... and I
> believe it to be cruel and wrong... 'I hope this
> slow and daily tampering with the mysteries of the
> 'brian' to be immeasurably worse than any
> torture of the body".
>
>                 ——Charles Dickens
>                 English Novelist
>                 1812-1870

(3)

The prison remained open for 129 years after Dickens condemned it as barbaric, and forms of its inhumane practices continue to be routinely used in State and Federal prisons nationwide.

## IV. FACTUAL ALLEGATIONS

8.   On Sunday morning, December 7, 2003, at approximately 9:45 am, housing unit one (1) was in process of being escorted to the chow hall by a Correctional Officer, Stephanie Gettleman, an Officer of whom had not long completed cadet training. While walking along in a line of twos - the Plaintiff suddenly recalled a TV program that he had seen on the previous evening on the Discovery Channel about "Martial Arts" that featured the well trained and long-time martial artist, Terry Bryan, along with a host of other trained martial artist.

9.   The Plaintiff began to share with other persons in the chow-line by asking if anyone had seen the program. The following named persons responded, Daniel Fernandez, Kenneth Finley, Kiro Santiago and Juan Pagan all shared in particular events that caught our attention. The Plaintiff, without having prior knowledge as to exactly where Officer Gettleman was in proximity to myself in the chow-line——Plaintiff began to talk about the part of the program where he observed a certain "female getting hit in the twat", during the course of the exhibitions. The above is the actual statement made by the Plaintiff on the morning of December 7, 2003, only in response to to the topic of discussion directed towards the participating Inmates set forth above.

10.   To the Plaintiff's total astonishment——Correctional Officer Gettleman, hereafter, C/O Gettleman hurriedly approached the Plaintiff at such time stated, "That comment was not going to be tolerated".

11.   The Plaintiff quickly attempted to explain to C/O Gettleman that No disrespect was intended, further informed her that he was commenting on a TV program that he had seen on the previous evening.

(4)

Plaintiff also stated that, "He didn't know what the word (twat) meant". C/O Gettelmen replied, "It doesn't matter what you thought it meant, I took it offensively". To C/O Gettleman's final reply the Plaintiff made no further comment.

12.  On the morning of (12/08/03), at 8:30am Plaintiff was served with a copy of C/O Gettleman's disciplinary report that listed the following very serious charges: $107-Sexual Misconduct; & 206-Intimidation or Threats. The Plaintiff was placed into 'Temporary Confinement' status pending a hearing before the prison's Adjustment Committee.

13.  Despite the fact that C/O Gettleman's report was written on the date of the alleged incident (12/07/03) and timed for 11:00 am, the Plaintiff was not served said report until the following morning at 8:30am, for which violated Department procedures purusant to Ill.Adm.Code, §§ 504.30(a-d); 504.40(a-d), "Preparation of Disciplinary Reports", because, it was the duty of the (Zone Lieutenant) thus, Shift Supervisor to be informed about and oversee matter so as to determine whether situation warranted special attention. Needless to say, the above did not happen in this case—and, based on information and belief - C/O Gettleman after writing her report on (12/07/03) at 11:00am, deliberately and consciously held-on to it   or conspired with appropriate staff to delay matter until the following day over which period she consulted with her (Father), Lieutenant Turley who gave the approval she desired to segregate the Plaintiff. At no time prior to the Plaintiff being placed into segregation status did he have a clue as to what was going on - nor was he provided a brief preliminary hearing to give his side of the incident that could have helped to determine whether the alleged incident rose to the magnitude that would require further lost of liberty. C/O Gettleman's actions served to violate Rules under Ill.Adm.Code, as well as teeters on "Official Misconduct" pursuant to 720 ILCS 5/33-3(c) for which reads; "With intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority". C/O Gettleman's excessive actions further violated the Plaintiff's Rights to Due Process under the Due Process Clause of

(5)

the Fifth Amendment to the United States Constitution.

14.  Further investigation revealed that——on the morning of (12/ 09/03), while detained in the segregation unit Plaintiff observed a Lieutenant Bender making his rounds at such time called his attention to the matter of his confinement at which time asked Mr. Bender, "Who was the Zone Lieutenant/shift supervisor assigned to one (1) house on December 7, 2003? Following a brief moment of thought Lieutenant Bender related, "That would have been Lieutenant Allen".

15.  Despite the fact that C/O Gettleman had recently made Correctional Officer -- she had or should have had full knowledge that, in accordance with Ill.Adm.Code, § 504.40, only, "The shift supervisor 'shall' determine whether or not it is necessary to place the Committed person in investigative status or in temporary confinement status pending a disciplinary hearing or a determination whether or not to issue a disciplinary or investigative report in accordance with section 504.30". Also see Ill.Adm.Code § 504.40.

16.  On December 9,03, at approximately 10:00am, the Plaintiff was brought before the Logan prison's Adjustment Committee chaired by the Zone Lieutenant from one house, Lt. Theodore R. Allen along with his assistant, Geovani J. Bedessie. After the Committee familiarized itself with the charges——the Plaintiff was allowed a brief opportunity to state his case at which time informed the Committee that the officer had apparently mistaken a conversation that the Plaintiff was having between fellow Inmates concerning a program that we all had seen on the Discovery Channel the previous evening. Plaintiff also informed the Committee that he had prior completed a witness form and sent it to the Committee on (12/08/03), the day he was placed into segregation status. Plaintiff further asked if the Committee plan to interview his witnesses. Plaintiff unequivocably plead Not guilty before the Adjustment Committee. The Committee related that it would interview Plaintiff and send him their findings via the mail.

17.  The Plaintiff do not receive the Adjustment Committee's Final Summary Report until more than six months later on July 8, 2004.

(6)

18.  Upon receipt of the Committee's Final Summary Report Plain-
tiff learned for the first time that the Logan C.C. Adjustment Com-
mittee and Warden, Larry T. Sims had recommended that he be demoted
to six months C-Grade; serve six months segregation time; revoked
of six months Statutory Good Time and or Good Conduct Credits; fol-
lowed by a transfer to a maximum security prison——Pontiac C.C..

19.  The Logan Correctional Facility's Adjustment Committee has
provided no written recommendation in this matter, nor has a recom-
mendation ever been seen or received by the Plaintiff. The Adjustment
Committee obviously failed in its duties and responsibilities pur-
suant to Ill.Adm.Code § 504.80, "Adjustment Committee Hearing Pro-
cedures", subparts, (f)(1)&(2); (g)&(h). A brief quote from part(h)
reads, "The Adjustment Committee shall consider any statements of
witnesses with relevant knowledge of the incident who are reason-
ably available". Plaintiff provided a total of four witnesses whom
were present as well as party to the incident, yet, the Committee
chose not to accept and or believe their recollection of the inci-
dent——in light of the fact that all of their statements were con-
sistent - in violation the Plaintiff's Sixth Amendment Right to,
"Have compulsory process for obtaining witnesses in his favor". This
fact is further brought to light via the decision of the Administra-
tive Review Board dated for March 22, 2004, where in the final para-
graph the ARB remands the Logan C.C.'s Summary to Warden Sims to have
witnesses interviewed in accordance with the Johnson decision, fur-
ther requested that a copy of the corrected Summary is to be for-
warded to the Director's Office when completed".

20.  The following information was obtained from page #2 of the
Adjustment Committee's Final Summary Report as the basis for its
decision reached:

> "Inmates admits being in the escorted line at the time
> of the offense and talking to other inmates. Reporting
> staff indicates she heard inmate make threatening and
> sexual comments. Inmate stated, "I would like to kick
> her in her twat!" Reporting staff confronted inmate about
> comment and inmate stated, "I didn't know what twat meant".
> Reporting staff physical identified inmate by his State
> issued ID card. Physical evidence of housing unit move-

(7)

> ment sheet which verifies 43 inmates were in the escor-
> ted line movement at the time of the offense".

21. Plaintiff Contends that——as this Court can and may very
well discern that, there are no facts in the Adjustment Committee's
decision that would indicate the Plaintiff done anything wrong  or
violated any Rule or policy of the Institution or the Department of
Corrections. Actually, the above quote serves to exonerate the
Plaintiff, because, for a quick read of the Committee's decision
one could easily draw the conclusion (by the context that it is
written) that the Committee could have found any one of the inmates
that was in the movement line guilty  just  because  he  was  there.

22. Plaintiff has attached to his Complaint (to serve as exhibits
for the Court) three pages of Illinois Department of Correction's
Memorandums - numbered, 3, 4 & 5 and dated for December 4, 1981, and
September 20, 1983, that provides information regarding what is
Not sufficient for prison's Adjustment Committees to base its
decision upon.

23. Notwithstanding the ARB's March 22,04, instructions when it
remanded the Logan Adjustment Committee's Summary Report to the
Warden, Larry Sims to have plaintiffs' witnesses interviewed in
accordance with the Johnson decision. Plaintiff contends that in
light of sound witness statements taken from two out of four (4) of
Plaintiff's witnesses——who provided clear and convincing testimony-
information that is consistent with Plaintiff's defense. It would
not be feasible or logical to presume that the Plaintiff could have
influenced the witnesses in his favor——because, at the point the
Plaintiff learned that C/O Gettleman had cited him for the alleged
incident that clearly did not involve her - he was simultaneously
placed into 'temporary confinement' status for which meant that he
had No further contact with prisoners in the general population;
Strangely, the Administrative Review Board (in view of their own
requests) sided against the Plaintiff in light sound witness state-
ments - in violation of Plaintiff's Right to have compulsory process
for obtaining witnesses in his favor——safeguarded by the Sixth

(8)

Amendment to the United States Constitution. The Plaintiff now pro-
vide the following information from the Logan C.C. Adjustment Com-
mittee's Sumary Report regarding statements from Plaintiff's wit-
nesses. At some point over the course of the Committee's investiga-
tion defense witness, Kenneth Finley was called and related the
following: Lt. Allen interviewed witness inmate states it is the
same. Mr. Finley's ID #B-04871.

> "We was talking, he sais the word twat. She was in the
> middle of the road, he wasn't talking about her. She
> heard the word and said that would not be tolerated,
> it wasn't towards her".

Defense witness inmate Juan Pagan ID #R-12835, also related the
following:

> "We were having a conversation and he said twat. She said
> that would not be tolerated. It wasn't said to her. He
> asked her what twat meant. The other Officer came up and
> told him to be quiet and head forward".

Please see attached Adjustment Committee Summary containing above
quotes as an exhibit in this matter.

24.    Plaintiff offer the following definitional terms for the
charges of #107 and 206 in accordance with Ill.Adm.Code, § 504;
#107-Sexual Misconduct:

> "Engaging in sexual intercourse, sexual conduct, or gest-
> uring, fondling, or touching done to sexually arouse,
> intimidate, or harass either or both persons; or engaging
> in any of these activities with an animal".

#206-Intimidation or Threats:

> "Expressing by words, actions, or other behavior an intent
> to injure any person or property that creats the reason-
> able belief that physical, monetary, or economis harm
> to that person or another will result".

25.    Via the Adjustment Committee Summary Report, chairman and
Lieutenant Theodore R. Allen - signed his name giving approval-
verification to the following statement:

> "I attest to the statements as being a correct reflection
> of the statements provided to me by witnesses".

In light of the above facts one could ask—why would the Logan
prison's Adjustment Committee Rule against the Plaintiff, further,
Melody J. Ford of the Administrative Review Board, hereafter, (ARB),
final decision dated July 16, 2004, Ruled to deny the Plaintiff's
Grievance in face of already approved credible witness statements—
served to violate Plaintiff's Sixth Amendment Right to the U.S.
Constitution to 'have compulsory process for obtaining witnesses in
his favor". Please see attached exhibit dated July 16, 2004.

26.  This Court is formed that any defendant so named in this
Action and has been referred to by their job title & last name...
be advised that Correctional Officials has refused to provide re-
quested information surrounding a Lieutenant Turley - whom is the
father of C/O Gettleman and staff member who authorized fraudulent
as well as unjustified confinement on the morning of December 8,03,
in violation of Plaintiff's Fifth, Eighth and Fourteenth Amendment
Rights to the U.S. Constitution. Please see as exhibit letter from
Freedom of Information Officer, Brian Fairchild and dated for (01/31/
05). Also see follow-up reply from Lawrence Corr. Ctr.'s Record
Office Supervisor, Janis Jokisch and dated for (02/10/05).

27.  Finally, the initial as well as combined actions of all De-
fendants in this matter (named or un-named) served to violate the
Plaintiff's Fifth, Sixth, Eighth and Fourteenth Amendment Rights to
The United States Constitution, and Rules pursuant to Illinois Ad-
ministrative Code.

### Transfer of December 24, 2003,
### To Pontiac Correctional Facility

28.  On the morning of December 24, 2003, the Plaintiff was re-
moved from his segregation cell at the Logan Corr. Ctr. at which time
put aboard a transfer bus and relocated to the Pontiac "Maximum"
Security Segregation Unit in Pontiac, Illinois, where he remained
for the next approximate five months.

29.  The Plaintiff contends that while detained in the Pontiac
'maximum' security segregation unit—he suffered additional hardship
due to hunger pains resulting from the lack of adequate and suffi-
cient amounts of food provided by the prison's dietary department;

Plaintiff wish to inform this Court that—persons confined in pri-
son segregation units are not allowed to purchase food items from
the commissary store -- and primarily must reply solely upon the
prison's dietary department for any and all daily sustenance. Due
to the very small portions of food served to the Plaintiff on a daily
basis - he was forced to fall asleep hungry every night—served as
a form of cruel and unusual punishment violative of the Plaintiff's
Eighth Amendment Right to The U.S. Constitution.

## Transfer of May 2004, To
## Lawrence Correctional Center

30.   During the last 30 days of the Plaintiff's six months segre-
gation stay - during the month of May 2004, Plaintiff was transfer-
red to the Lawrence Correctional Center located in Sumner, Illinois.

### Ongoing Substantial Risk of Serious Harm

31.   The Plaintiff contends that beginning late 1999 or early
2000, Correctional Administrators-Officials implemented what they
termed to be their (120 Point Plan/Zero Tolerance Policy), a set of
mostly 'new' and unwritten rules related to the manner by which it
would deal with its prisoners. Plaintiff is pleased to informed this
Court that [IDOC] Officials has been eager and extremely actively
at utilizing this new practice at every conceivable opportunity (as
demonstrated in the instant case), for which amounts to abuse & mis-
use of authority as well as forms of cruel and unusual punishment
safeguarded by the Eighth Amendment to The United States Constitu-
tion. Further, the Illinois Department of Correction's Officials
throughout the State of Illinois are actively and deliberately en-
gaging gross flagrant violations of prisoners State and Federal
Constitutional Rights as a daily  practice similar to that demon-
strated in the instant case. In the event Correctional Officials
persist in said illicit-unlawful and abusive conduct——Plaintiff may
be compelled to file a Restraining Order & Preliminary Injunction
at a future date. Again, the above mentioned unethical & unscrupulous
unlawful conduct on behalf of IDOC Officials creates a situation
for the prisoners that causes undue pain & suffering, mental anguish

(11)

as well as violates the Constitutional Rights of the Prisoners.

-     <strong>Exhaustion</strong>     -

32. The Plaintiff has exhausted all available administrative re-
medies regarding the matters described in this Complaint. Following
the Adjustment Committee's hearing from (12/09/03), at the Logan
Corr. Ctr., Plaintiff promptly filed his grievance that was received
by counselor, C. Gibbons on on December 20,03. Based on information
and belief - the Logan Corr. Ctr.'s Grievance Officer received Plain-
tiff's Grievance on (12/29/03), a date indicated on the front of
Plaintiff's Grievance upper right corner. The Grievance was ulti-
mately returned to the Plaintiff without a Grievance Officer's re-
sponse, yet, the Plaintiff forwarded it to the office of the Di-
rector [ARB] for final consideration. The ARB made its first pre-
liminary review of the matter via its March 22, 2004, response
chaired by Melody J. Ford, during which time the matter was remand-
ed to the Warden of the Logan Corr. Ctr. with instructions to have
Committee interview Plaintiff's witnesses in accordance with the
Johnson decision. Melody J. Ford of the ARB gave her final decision
on (07/16/04), at such time Plaintiff Grievance was denied without
justifiable cause. Please see both decisions attached to Complaint.

V. CAUSES OF ACTION

33. Plaintiff support the following claims by reference to the
previous paragraphs of this Complaint:

<strong>Count I</strong>

34. The deliberate indifference of Defendant C/O Stephanie
Gettleman when she consciously & deliberately falsified a state dis-
ciplinary report against the Plaintiff wherein she brought fraudulenl
charges of 107-Sexual Misconduct; & 206-Intimidation or Threats -
without just foundation——and after writing said report made con-
scious choice to delay the standard process by not allowing the
"Zone" Lieutenant (Allen) who was actively on duty on (12/07/03),
to determined whether issue warranted additional attention, but
rather conspired with her father Lieutenant Turley who gave the

(12)

approval to segregate the Plaintiff on the following day—in vio-
lation of Plaintiff's Rights pursuant to Rules under Ill.Adm.Code,
§§504.30(a-d); 504.40(a-d), and rights under the Due Process Clause
of the Fifth Amendment to the U.S. Constitution.

## Count II

35.   The failure of the Logan Corr. Ctr.'s Adjustment Committee
to fairly consider the statements in evidence of the Plaintiff's
two witnesses, Mr. Kenneth Finley and Juan Pagan, as well as timely
tender to the Plaintiff a copy of the Committee's Final Summary
Report that would have informed him of the Committee's decision
and reason for decision reached——in violation of Plaintiff's Fifth
and Fourteenth Amendment Rights to The United States Constitution.

## Count III

36.   The Apparent failure of Warden Larry T. Sims, especially in
light of the ARB's remand of his prior decision - to conduct fur-
ther interviews of the Plaintiff's witnesses in accordance with the
Johnson decision -- serve to violate Plaintiff's Fifth, Sixth and
Fourteenth Amendment Right under The United States Constitution.

## Count IV

37.   Defendant Roger E. Walker, the Director of the Illinois
Department of Corrections—apparently failed to assign-appoint
ethical and responsible staff to his Grievance review panel in light
of the final decision by ARB's chairperson, Melody J. Ford who
denied Plaintiff's Grievance without any consideration to the
highly credible statements provided by the Plaintiff's two witness-
es, Mr. Kenneth Finley and Mr. Juan Pagan——for which was consistent
with the Plaintiff's defense. The same was found to be credible
by the Adjustment Committee's Chairman, Lt. T. Allen. Please see
bottom of page one (1) of Adjustment Committee Final Summary Re-
port  signed  by  Lt. Theodore R. Allen; all of which served to
cause the Plaintiff undue hardship, mental anguish resulting in
additional pain and suffering, including, but not limited to, six
months demotion to C-Grade; six months segregation time; six months

(13)

loss of Statutory Good Time and or Good Conduct Credits followed by a transfer to a maximum security prison's segregation unit—all of which deprived the Plaintiff of his State & Federal Constitutional Rights under the Fifth, Sixth, Eighth and Fourteenth Amendment to the United States Constitution.

## VI. RELIEF REQUESTED

38.   The Plaintiff humbly ask this Honorable Court to first acknowledge the gross deliberate & flagrant injustice suffered by the Plaintiff at the hands of IDOC Officials and their successors, agents, employees, and all persons acting in concert with them and make a Ruling that will cause Illinois Correctional Officials to take serious notice of their ongoing, abusive and unlawful conduct that has now become a daily practice. Further, the deliberate targeting of a prisoner for harsher treatment (as in the present case) primarily because they have the unbridled authority to do so  will not  be  allowed nor tolerated by this Court, hence, the Plaintiff respectfully requests that this Court send a firm message to IDOC Officials, whom now believe themselves to be invincible, in face of a completely non-aggressive and docile prison population throughout the State of Illinois by punishing them by entering the following judgement against the Defendant, Warden Larry T. Sims for pecuniary damages in the amount of $15,000 dollars; Plaintiff seeks similar damages against each of the following Defendants: C/O Stephanie Gettleman, and Lieutenant Turley in the amount of $10,000 dollars each.

39.   Plaintiff also ask this Court to send a stern and firm message to Illinois Department of Correction's Officials for their conscious deliberate malfeasance by entering a judgement in favor of the Plaintiff in the form of punitive damages in the amount of $100,000 thousand dollars; award compensatory damages in the amount of $50,000 thousand dollars——for a total sum of $185,000.

40.   The Plaintiff respectfully requests that this Honorable Court Order the Defendant, Director of IDOC to reverse any and all outstanding Statutory Good Time and or Good Conduct Credits revoked

(14)

from him as a direct result of said incident for which added ad-
ditional (time) to his current sentence.

41.    Plaintiff also ask this Honorable Court to Order Defendant
Roger E. Walker to dismiss or expunge the unjustified and prepos-
terous charges of 107-Sexual Misconduct; and 206-Intimidation or
Threats——primarily, because the nature of the alleged incident
in conjunction with the allegations stated in C/O Gettleman's Re-
port does not rise to the magnitude of the charges -- for
there is simply No real, tangible or factual evidence upon
which to base such a claim.

The Plaintiff respectfully ask this Court to thoroughly examine
C/O Gettleman's report followed by the Adjustment Committee's Final
Summary Report, both ARB decisions from March 22, 2004, and July
16, 2004, all in conjunction with the facts set forth in the Plain-
tiff's 1983 Complaint.

42.    Finally, Order IDOC Director to promptly transfer Plaintiff
back to the Logan Corr. Ctr., or to other similar Institution of a
medium or minimum security status. At the Plaintiff's present lo-
cation he is being subjected to forms of cruel and unusual punish-
ment by Lawrence Correctional Officials——because, he is locked in-
side his General Population prison cell for a total of 23 plus
hours per day -- with only one hour out of cell for recreation time
five days per week, for the remaining two days there is absolutely
No activity what-so-ever.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1.    Declare that the acts and omissions described herein vio-
lated the Plaintiff's Rights under The Constitution and laws of
the United States.

2.    Enter a Preliminary and Permanent Injunction Ordering the
Defendants via the Department of Corrections, their successors, agents,
employees and all persons acting in concert with them to immediately

(15)

cease their illegal abusive practices and to protect the safety and
security of the Plaintiff as well as all persons similarly situated
and under their control from any and all forms of abusive treatment
including, but not limited to, abuse & misuse of authority via the
frivolous and fraudulent writing of State Disciplinary Reports (for
alleged incidents that amounts to non-offenses), etcetera, etcetera,
all of which causes significant hardship, mental anguish  pain and
suffering.

    3.   Enter judgement in favor of the Plaintiff for pecuniary,
Punitive and compensatory damages, as allowed by law, against each
Defendant and in accordance with Plaintiff's "Relief Requested"
beginning on page #14 of this Complaint——jointly and severally.

    4.   Order such additional relief as this Court may deem appro-
priate and just.

Respectfully Submitted on this 30th Day of  March   , 2005.

Richard L. Fuller

RICHARD L. FULLER
Register No. #B-35426
Lawrence Correctional Center
Rural Route 2, Box 31
Sumner, Illinois  62466-0031

# OF
# CORRECTIONS

**Date:** December 4, 1981

**To:** [illegible]

**From:** Ms. Patricia J. Bornor
Chief Legal Counsel

**Subject:** DISCIPLINARY HEARINGS - DISCLOSURE OF
EXONERATING INFORMATION

The United States Supreme Court has recently denied review of a decision of the Seventh Circuit Court of Appeals in Chavis v. Rowe, No. 78-1889 (1981), which held that the substance of exculpatory or exonerating material must be made known to an inmate charged with disciplinary violations.

Administrative Regulation 804 II D (3) currently requires that if the investigation of the hearing investigator reveals evidence of a convincing nature that the inmate did not commit the offense, the investigator must report that evidence to the Committee. In order to comply with the Chavis decision, all Adjustment Committee members should be advised to inform an inmate of the substance of any exonerating information known to them at the time of the disciplinary hearing. Specific information which may jeopardize security, eg. names of informants, identifying information, etc., may be withheld. The inmate may request a continuance.

Please ensure that appropriate staff are advised to comply with this procedure.

Patricia J. Bornor
Chief Legal Counsel

PJB:mw

cc:  Director Michael P. Lane
Deputy Director Leo L. Meyer.


**DEPARTMENT OF CORRECTIONS**

# MEMORANDU

**Date:** September 20, 1981

**To:** Adjustment Committee

**From:** Administrative Review Board

**Subject:** BASIS FOR DECISION

Attached you will find a compilation of examples which may be utilized as a tool to guide you in specifying adequate basis for decision. Most examples cannot be used singularly. These are provided to further your understanding of what is or is not sufficient rendering in a finding of guilt.

Remember, it is NOT sufficient to state:

"We rely on the officer's report as written."

"Committee took Resident's statement into consideration, Resident did not provide any evidence to refute charges. Committee relied on the results of the investigation conducted by Lieutenant."

"Because of the statement of the reporting officer, we find the inmate guilty."

"Based on the investigative report, we find the inmate guilty."

"We adopt the officer's report."

"The ticket states that _____."

"Seriousness of offense."

As each disciplinary report is unique, so should each basis for decision be worded in such a manner that a "rubber stamp" impression is not given. Same may be achieved in considering the individual aspects of each case.

Whenever you are uncertain about a particular case, you may contact any one of the ARB chairpersons.

4,8,

BASIS FOR DECISION:

## I M P R O P E R

"We rely on the officer's report as written."

"We adopt the officer's report."

"Based on the investigative report, we find the inmate guilty."

"Because of the statement of the reporting officer, we find the inmate guilty."

"The ticket states that _____."

"Committee took Resident's statement into consideration. Resident did not provide any evidence to refute charges. Committee relied on the results of the investigation conducted by Lieutenant."

"Seriousness of offense."

"Based on an internal investigator's report which contains confidential information."

"We recognize and consider the resident's statement, however we accept the reporting officer's charges."

"After reviewing the case and conducting a hearing based on the evidence we are reasonably sure the resident is guilty."

"Based on our review of the violation report and the report of the special investigator we find the resident guilty."

"Based on all available evidence including the residents statements and the report from internal investigations indicating resident was observed in the shower area and the fact that inmate X was assaulted, we find the inmate guilty of assaulting another inmate."

"Based on all evidence presented/available, the Adjustment Committee is convinced the inmate committed the offense."

"Positive identification by reporting staff."



State of Illinois · Department of Corrections
**DISCIPLINARY REPORT**

Page ___1___ of ___1___

☑ Disciplinary Report ___12/7/03___          ☐ Investigative Report _____
                          Date                                              **Date**

Committed Person: __FULLER__    No. __B35426__    Facility: __LOGAN C.C.__

Observation Date: __12/7/03__  Time: __Approx 945__  ☑ am ☐ pm  Location: __LOW SIDE - SIDEWALK__

__C/O GETTLEMAN__                    __c/o Gettleman__ /12/7/03/ 11:00 Approx
        **PRINT Employee's Name**              **Employee's Signature/Date/Time**

Offense: 504 B  ⒶⒸ  107- SEXUAL MISCONDUCT; 206- INTIMIDATION OR THREATS

Observation: ON THE ABOVE DATE + APPROX. TIME THIS C/O
WHILE WALKING LOW-SIDE MOVEMENT HEARD I/M FULLER B35426
SAY "I WOULD KICK HER IN THE TWAT + MAKE HER BLEED." AFTER
HE SAID THAT THIS C/O TOLD HIM THAT HIS COMMENT WAS
NOT GOING TO BE TOLERATED, AT WHICH POINT I/M FULLER TOLD
THIS C/O THAT I DIDN'T KNOW WHAT "TWAT" MEANT. I THEN TOLD
HIM THAT IT DID NOT MATTER WHAT HE THOUGHT IT MEANT, I TOOK IT
OFFENSIVELY.        C/O WHITLOW

Witnesses, if any: _____

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☑ Temporary Confinement    ☐ Investigative Status    Reasons: _Tlt to pity_

__Turley MSC__                            _____ MSC 12-7-03
        **PRINT Name**                        **Shift Supervisor's Signature and Date**
                                        **(For Community Correctional Centers, Chief Adm. Off.)**

☑ Confinement Reviewed by Reviewing Officer    Comment: _____
        __Whirl__                                    ____ 12/7/3
        **PRINT Name**                                **Signature/Date**

☐ **MAJOR**, submitted to Adjustment Committee    ☐ **MINOR**, submitted to Program Unit

_____
        **PRINT Name**                            **Reviewing Officer's Signature and Date**

☑ Reviewed by Hearing Investigator: __P Jackson__    __S Jackson 12/8/03__
        **(Adult Division Major Reports Only)**  **PRINT Name**    **Signature and Date**

**PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS**

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

_____                            ☐ Committed Person Refused to Sign
__Reardon__                __Reardon__        __12-8-03__    __8:30__ ☐ am ☑ pm
**PRINT Serving Employee's Name**    **Serving Employee's Signature**    **Date and Time Served**

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____    X __Richard Fuller__
                                    **Committed Person's Signature and Number**

— — — — — **(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)** — — — — —

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____
                                                                                    **Date**

NAME OF WITNESS: _____    Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____    Number/Cell/Title: _____

Witness can testify to: _____

DC 7205 (Rev. 4/98)    Distribution: 1) Master File; 2) Committed Person;
IL 426-0361              3) Facility; 4) Facility                    **Committed Person's Name and Number**

# STATE OF ILLINOIS DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | | |
|---|---|---|---|
| **Name:** FULLER, RICHARD | **IDOC Number:** B35426 | | **Race:** BLK |
| **Hearing Date/Time:** 12/9/03  10:06 AM | **Living Unit:** LAW-R2-AL-10 | | **Orientation Status:** N/A |
| **Incident Number:** 200309394/2 - LOG | **Status:** Final | | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 12/7/03 | 200309394/1-LOG | GETTLEMAN, STEPHANIE | ESCORTED LINE MOVEMENT | 09:45 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 107 | Sexual Misconduct<br>*Comments:SEXUAL COMMENTS* | Guilty |
| 206 | Intimidation Or Threats | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status | |
|---|---|---|---|---|
| Inmate | IDOC#: B04871 | FINLEY, KENNETH | Witness Was Called | Requested By Inmate |

**Statement:** LT ALLEN INTERVIEWED WITNESS INMATE STATES IT IS THE SAME. INMATE STATES, WE WAS TALKING, HE SAID THE WORD TWAT. SHE WAS IN THE MIDDLE OF THE ROAD, HE WASN'T TALKING ABOUT HER. SHE HEARD THE WORD AND SAID THAT WOULD NOT BE TOLERATED. IT WASN'T TOWARDS HER.

_____ I attest to the statements as being a correct reflection of the statements
Witness Interviewer Signature       provided to me by witnesses.

| Inmate | IDOC#: B59204 | FERNANDEZ, DANIEL | Witness Was Called | Requested By Inmate |
|---|---|---|---|---|

**Statement:** LT. ALLEN INTERVIEWED WITNESS AND INMATE FERNANDEZ STATES IT IS THE SAME AS I TOLD YOU BEFORE. INMATE STATES, I WAS THERE I DON'T KNOW WHAT HAPPENED.

_____ I attest to the statements as being a correct reflection of the statements
Witness Interviewer Signature       provided to me by witnesses.

| Inmate | IDOC#: K63162 | SANTIAGO, KIRO | Request For Witness Was Not Timely | Requested By Inmate |
|---|---|---|---|---|

**Statement:** INMATE SANTIAGO HAS SINCE PAROLED COULD NOT INTERVIEW INMATE. INMATE STATES, I DON'T KNOW NOTHING ABOUT IT.

_____ I attest to the statements as being a correct reflection of the statements
Witness Interviewer Signature       provided to me by witnesses.

| Inmate | IDOC#: R12835 | PAGAN, JUAN | Witness Was Called | Requested By Inmate |
|---|---|---|---|---|

**Statement:** LT. ALLEN INTERVIEWED THE WITNESS AND INMATE STATES THE SAME. INMATE STATES, WE WERE HAVING A CONVERSATION AND HE SAID TWAT. SHE SAID THAT WOULD NOT BE TOLERATED. IT WASN'T SAID TO HER. HE ASKED HER WHAT TWAT MEANT. THE OTHER OFFICER CAME UP AND TOLD HIM TO BE QUIET AND HEAD FORWARD.

_____ I attest to the statements as being a correct reflection of the statements
Witness Interviewer Signature       provided to me by witnesses.

## RECORD OF PROCEEDINGS
REPORT READ INMATE STATES, I WAS TALKING TO THE GUYS IN THE LINE. WE WATCHED A MOVIE ABOUT THIS STYLE OF TYPE OF FIGHTING.

# STATE OF ILLINOIS – DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** FULLER, RICHARD     **IDOC Number:** B35426     **Race:** BLK

**Hearing Date/Time:** 12/9/03   10:06 AM     **Living Unit:** LAW-R2-AL-10     **Orientation Status:** N/A

**Incident Number:** 200309394/2 - LOG     **Status:** Final

## BASIS FOR DECISION

INMATE ADMITS BEING IN THE ESCORTED LINE AT THE TIME OF THE OFFENSE AND TALKING TO OTHER INMATES.
REPORTING STAFF INDICATES SHE HEARD INMATE MAKE THREATENING AND SEXUAL COMMENT.  INMATE STATED, "I WOULD LIKE TO KICK HER IN THE TWAT!"  REPORTING  STAFF CONFRONTED INMATE ABOUT COMMENT AND INMATE STATED, "I DIDN'T KNOW WHAT TWAT MEANT?"  REPORTING STAFF PHYSICAL IDENTIFIED INMATE BY HIS STATE ISSUED ID CARD.
PHYSICAL EVIDENCE OF HOUSING UNIT MOVEMENT SHEET WHICH VERIFIES 43 INMATES WERE IN THE ESCORTED LINE MOVEMENT AT THE TIME OF THE OFFENSE.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 6 Months C Grade | 6 Months C Grade |
| 6 Months Segregation | 6 Months Segregation |
| Revoke GCC or SGT 6 Months | Revoke GCC or SGT 6 Months |
| Other : TRANSFER | Other : TRANSFER |

## Signatures
### Hearing Committee

ALLEN, THEODORE R  - Chair Person     **WHI**

Signature / Date     **Race**

BEDESSIE, GEOVANI J     **ASN**

Signature / Date     **Race**

Recommended Action Approved

**Final Comments:** N/A

LARRY T SIMS / LTS  7/1/04     2-6-04

**Chief Administrative Officer**     **Signature**     **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

**Employee Serving Copy to Committed Person**     **When Served - - Date and Time**

ILLINOIS DEPARTMENT OF CORRECTIONS

**COMMITTED PERSON'S GRIEVANCE**

12/29

| Date: 12-9-03 | Committed Person: (Please Print) Richard Fuller | ID#: B35426 |
|---|---|---|

| Present Facility: LOGAN C.C. | Facility where grievance issue occurred: LOGAN C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [x] Medical Treatment
- [ ] Other (specify): _____
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Disciplinary Report: 12 / 7 / 03   LOGAN C.C.
  Date of Report                      Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On the date of 12-7-03 and approx. time 9:45 Fuller and 43 other IM were on rout. to chow from the lowside housing unit 1-C-3. Fuller and 4 others were talking and Fuller had ask had they seen this program that had come on the discover chinnel. And some said Yes and a couple others just listened. And as the conversation began we were talking about the program on how these male and female were doing this new style of marshal arts and or Karate. They were showing males and females doing exhibition moves on one another. These people try controlling there breathing could control their "che".

**Relief Requested:** That the charges be droped and that I be place back in grade as soon as possible. And that this che inform to think before she goes off the handle.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Richard Fuller          B35426   12 / 20 / 03
Committed Person's Signature     ID#         Date

*(Continue on reverse side if necessary)*

| **Counselor's Response** (if applicable) |
|---|

Date Received: 12 / 20 / 03   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Staff Conduct - unable to resolve at this level. Forward to the grievance officer.

C GIBBONS                    C Gibbons        12 / 20 / 03
Print Counselor's Name        Counselor's Signature    Date of Response

| **EMERGENCY REVIEW** |
|---|

Date Received: ___ / ___ / ___   Is this determined to be of an emergency nature?

**RECEIVED**

SEP 18 2004

**OFFICE OF INMATE ISSUES**

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____          ___ / ___ / ___
Chief Administrative Officer's Signature        Date

Printed on Recycled Paper

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## COMMITTED PERSON'S GRIEVANCE (Continued)

And in doing so were able to handle blows and punches to the body. Fuller said that this one female had gotting hit in the twat. Not kick nor anything to that nature just hit in the twat. And before Fuller knew what had happen this C/O Gettleman leaped forward feeling disrespected, why I do not know, said the word twat would not be Tolerated."

So Fuller asked her what it mean and she said that she didn't care what Fuller thought it meant, that she took it offensively. And Fuller didn't say anything else to her nor she to Fuller. The other C/O Willow that was with her, told Fuller to continue on to chow and that was it.

They had not talk to the zone L.T which was L.T Allen that day because Fuller had ask L.T Bender while in seg. And because had they have Fuller would had been pulled out of the chow line on the spot, not the next day, while in the housing unit.

Now what they both did meaning C/O Gettleman and C/O Willow was they put the situation off until she had a conversation with her Father L.T Fraley, who then pulled a brown-nose gofer move to the chain of command because it was not done by the book.

It was all an elaborate scheme because it had went from C/O Gettleman hearing the word twat to Fuller wanting to kick her in the twat and make her bleed.

And the fact remains that the people who were call and interviewed testified to the extent that Fuller was ate no time talking to or ate C/O Gettleman. Had these guys would have said Fuller did in fact say anything to this C/O the committee would have showerly used it against Fuller. But instead they said that Fuller had requested his witnesses to late. Making it as though Fuller witnesses were of no good or uses to him nor themself. And if that were really true why still would they have called them? Because even being face with the fact that these men would tell the truth they still wanted it to be in there favor and not Fuller.

I believe that the grievance committee can work. I truly pray that after this very serious matter has been evaluated the charges will be drop.

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**HEARING OF ADMINISTRATIVE REVIEW BOARD**

*DATE OF HEARING*: March 22, 2004

*INSTITUTION:* Pontiac Correctional Center, Pontiac, Illinois

*GRIEVANT NAME*: Richard Fuller, Register No. B35426

*BOARD MEMBERS PRESENT*: Melody J. Ford, Administrative Review Board Chairperson, Office of Inmate Issues, Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board. All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Pontiac Correctional Center administration.

Nature of Grievance: Inmate Fuller is grieving a disciplinary report, 200309394, dated December 7, 2003 received at Logan Correctional Center and staff conduct, Officer Gettleman, December 7, 2003.

Findings: The disciplinary report of December 7, 2003 regarding an incident which occurred on December 7, 2003 at 9:45 AM, was written by C/O Gettleman charging violation of DR504: 107-Sexual Misconduct, 206-Intimidation or Threats. Inmate is charged with the following: Offender Fuller was observed by Officer Gettleman stating, "I would kick her in the twat and make her bleed." When the Officer told him that comment would not be tolerated, Offender Fuller stated he did not know what twat meant." The disciplinary report was served on December 8, 2003 at 8:30 AM.

Inmate Fuller was placed in temporary confinement on December 7, 2003.

The Adjustment Committee Hearing was conducted at Logan Correctional Center on December 9, 2003 at 10:06 AM. The Adjustment Committee found the Grievant guilty of 107, 206. The recommended disciplinary action was: 6 months C-grade, 6 months segregation, 6 months revocation of Good Conduct Credits, transfer. CAO concurred on December 10, 2003. The revocation of Good Conduct Credits was subsequently approved by the PRB.

The Offender does not give any specific information regarding the staff conduct of C/O Gettlemen except that she talked to Lieutenant Turley before she wrote the report.

Inmate's statement: Offender Fuller stated his comment had nothing to do with the Officer; it was about a television program. He stated the officer heard him, but he wasn't talking to her. He stated she could have asked for an apology, but she wrote him up for 107. He would like the ticket expunged.

Recommendations: Based on a review of all information, in regard to the issue of staff conduct, the allegations are unable to be substantiated and the Board recommends the grievance be denied.

Based on a review of all information and a compliance check of the procedural due process safeguards outlined in Department Rule 504, the Board is remanding the Adjustment Committee Summary to Warden Sims, Logan Correctional Center to have the requested witnesses interviewed in accordance with the Johnson decision. A copy of the corrected summary is to be forwarded to the Director's Officer when completed.

FOR THE BOARD: *(signature)*

Melody J. Ford
Administrative Review Board Chairperson
Office of Inmate Issues

**I concur. Warden Sims is to proceed accordingly.**

*(signature)* June 2, 2004

Roger E. Walker, Jr.
Director

cc:  Warden Larry Sims, Logan Correctional Center
Warden Stephen D. Mote, Pontiac Correctional Center
Richard Fuller, Register No. B35426
Chronological File
Tickler File

ILLINOIS DEPARTMENT OF CORRECTIONS

R6 Au 14

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: _Fuller_ _Richard_ _____ _B35926_
          Last Name          First Name          MI          ID#

Facility: _LAN_

☑ Grievance (Local Grievance # (if applicable): _____)   or   ☐ Correspondence

Received: _9/16/04_   Regarding: _PR (12/7/03)_
          Date

The attached grievance or correspondence is being returned for the following reasons:

### Additional information required:

☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable).

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
                                                                                          Office of Inmate Issues
                                                                                          1301 Concordia Court
                                                                                          Springfield, IL   62794-9277

### Misdirected:

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee.  If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
                         319 E. Madison St., Suite A
                         Springfield, IL  62706

### No further redress:

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☑ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____/_____/_____.
                                                        Date

☐ No justification provided for additional consideration.

Other (specify): _____
_____

Completed by: _____   _____   _9/10/04_
                      Print Name                 Signature           Date

Distribution:   Offender; Inmate Issues

DOC 0070 (10/2001)
(Replaces DC 710-1274)



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

**1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844**

January 31, 2005

Mr. Richard Fuller B35426
RR 2 Box 31
Sumner, Illinois 62466

Dear Mr. Fuller:

This letter is in response to your Freedom of Information request #50127052, requesting names of all individuals, which had any involvement in the procedures and due process of a Disciplinary Report written by Officer Gettleman on December 7, 2003.

Please be advised that your request does not compel this office to do research, nor to provide the requested documentation. You request should be forwarded to your Record Office for appropriate handling. Additionally, this request is handled through Department Rule 504 F and not FOIA.

You may appeal my decision to Director Roger E. Walker, Jr.

Sincerely,

Brian Fairchild

Brian Fairchild
Freedom of Information Officer

BF/sb

**Illinois**
**Department of**
**Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Lawrence Correctional Center / R. R. #2, Box 36 / Sumner, IL 62466 / Telephone: (618)936-2064 / TDD: (800)526-0844

# MEMORANDUM

DATE: 2/10/05

TO: R. Fuller
    B35426   R3-AL-03

FROM: Janis Jokisch
      Record Office Supervisor

SUBJECT:

This office can not give out information you requested.

CC: Masterfile

The marshal-arts that was on the Discovery Channel name is Terry ~~Broom~~ Bryan (around (12-5-03) it came on Tv)

He has been teaching for more then 26 yr's & also teaches at high schools And has been at this one school for over 4 yr's

**Rod R. Blagojevich**
Governor

# Illinois
### Department of
# Corrections

**Roger E. Walker, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

July 16, 2004

Richard Fuller
Register No. B35426
Lawrence Correctional Center

Dear Mr. Fuller:

This will finalize the Administrative Review Board report dated March 22, 2004, regarding a disciplinary report dated December 7, 2003, 200309394 received at Pontiac Correctional Center.

The rewritten Adjustment Committee Summary has been received and reviewed.

Recommendation: Based upon a total review of all available information and a compliance check of the procedural due process safeguards outlined in Departmental Rule 504, the Chairperson is reasonably certain you committed the offense and recommends the grievance be denied.

FOR THE BOARD: _____
Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:   Warden Jason Garnett, Lawrence Correctional Center
Willie Joshua, Register No. N12794
Chron. File

13 AUG 2004

*R2 AL 10*
*S-CH16*

ILLINOIS DEPARTMENT OF CORRECTIONS
# Single or Concurrent Determinate Sentences Under 1978 Law and Jail Credit
### Lawrence Correctional Center

NAME **Fuller, Richard**   NUMBER **B35426**   DATE **5/27/04**

**(STEP 1)(A)**
Yr. Mo. Day

(circled handwriting)

|   |   |   |
|---|---|---|
| - |   | (Rel. on Bond, Etc.) |
|   |   | (Arrest Date) |
|   |   | (Jail Credits) |
| + | 1 | (Add 1 Day) |
|   |   | (Jail Credits) |

**(Step 1)(B)**

Yr. Mo. Day

|   |   |   |
|---|---|---|
| - |   | (Rel. on Bond, Etc.) |
|   |   | (Arrest Date) |
|   |   | (Jail Credits) |
| + | 1 | (Add 1 day) |
|   |   | (Jail Credits) |

**(Step 1)(C)**

Yr. Mo. Day

|   |   |   |
|---|---|---|
| - |   | (Rel. on Bond, Etc.) |
|   |   | (Arrest Date) |
|   |   | (Jail Credits) |
| + | 1 | (Add 1 Day) |
|   |   | (Jail Credits) |

**(Step 1)(D)**

Yr. Mo. Day

|   |   |   |
|---|---|---|
| - |   | (Rel on Bond, Etc.) |
|   |   | (Arrest Date) |
|   |   | (Jail Credits) |
| + | 1 | (Add 1 Day) |
|   |   | (Jail Credits) |

**(STEP 2)** mitt
Yr. Mo. Day

|   |   |   |
|---|---|---|
| + |   | (Jail Credits-A) |
| + |   | (Jail Credits-B) |
| + | 487 | (Jail Credits-C) |
| + |   | (Jail Credits-D) |
|   | 1  4  7 | (Total Jail Credits) |

**(Step 3)**

Yr. Mo. Day

|   |   |   |   |
|---|---|---|---|
|   | 1993 | 7 | 30 | (Old Custody/ Sentence Date) |
| - | 1 | 4 | 7 | (Total Jail Credits) |
|   | 1991 | 3 | 23 | (New Custody Date) |

**(STEP 4)** (MITTIMUS NO. 91CR10650 )

PROJECTED OUT DATE

Yr. Mo. Date

|   |   |   |   |
|---|---|---|---|
|   | 1991 | 3 | 23 | (New Custody Date) |
| + | 22 | 6 |   | (Sentence Less) GCC |
|   | 2013 | 9 | 23 | (Projected Out Date) |
| + or - | 2 |   |   | (Previous Time 3m Rev / Lost Awarded) 1m Rest (Adj. Proj. Out Date) |
|   | 2013 | 11 | 23 | (Adj. Proj. Out Date) |

**(Step 5)**

MANDATORY OUT DATE

Yr. Mo. Day

|   |   |   |   |
|---|---|---|---|
|   | 1991 | 3 | 23 | (New Custody Date) |
| + | 45 |   |   | (Sentence) |
|   | 2036 | 3 | 23 | (Mandatory Out Date) |

---

Adj. Proj. Minimum **11·23·13**   Terminal Operator **Kau**
Mandatory Out Date **3·23·36**   Date Entered **5·27·04**
Calculated by **ICP**

DC 1321 (Rev 10/96)
IL 426-00521

IN THE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS,

SPRINGFIELD DIVISION

RICHARD L. FULLER,                    )
          Plaintiff,                  )
                                      )
                                      )
     -VS-                             )     Civil Action No._____
                                      )
                                      )
                                      )
WARDEN, LARRY T. SIMS, et al.,        )
          Defendant(s).               )
                                      )

P R O O F   O F   S E R V I C E

To: Clerk of the U.S. District Court      Office of the Illinois Attorney
    for the Central District of           General, Lisa Madigan:
    Illinois, Springfield Division:       500 S. Second Street
    151 Federal Building/600 E. Monroe St. Springfield, Illinois  62706
    Springfield, Illinois  62701

     Please take notice that on the _3_ Day of ___3 0___ , 2005,
the Plaintiff mailed-filed the original and four copies of the at-
tached Civil Rights Complaint to the Clerk of the U.S. District
Court; said Complaint is accompanied by Petition to Proceed In Forma
Pauperis, Motion for Appointment of Counsel, Six month Trustfund
audit and Verification of Certification - and forwarded a duplicate
copy of the same to the Office of the Attorney General of Illinois
at the address above.

STATE OF ILLINOIS   )
                    )  SS     _Richard L. Fuller_
COUNTY OF LAWRENCE  )         RICHARD L. FULLER

AFFIDAVIT OF SERVICE

   I, _Richard L. Fuller_ , declare, under penalties as provided by
law pursuant to 28 USC 1746, 18 USC 1621, or 735 ILCS 5/1-109 of the
Code of Civil Procedure, certify that, I am the named party in the
foregoing in this foregoing legal action and have read the attached
Complaint along with accompanying documents in its entirety and
attest to the information contained therein to be true and correct
- except as to matters therein stated to be on information and be-
lief, and as to such matters I certify that I believe the same to
be true; mailed from the Lawrence Corr. Ctr. on the _3_ Day of
___30___ , 2005.

          _Richard L. Fuller_
          RICHARD L. FULLER ID #B-35426