UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICHARD L. FULLER,

    Plaintiff,

v.     05-CV-3085

LARRY T. SIMS,
STEPHANIE GETTLEMAN,
LT. TURLEY, and,
ROGER E. WALKER,

    Defendants.

## Case Management Order #1

The plaintiff, currently incarcerated in Lawrence Correctional Center, filed this action pursuant to 42 U.S.C. Section 1983.

The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to dismiss any legally insufficient claims, or the entire action if warranted. A merit review hearing was scheduled to aid the court in this review, but was cancelled as unnecessary. The Complaint and exhibits already clearly set out the claims.

The merit review standard is the same as a motion to dismiss standard. *Pro se* complaints are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). The allegations are taken as true, and a claim can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

*Allegations*

On the morning of December 7, 2003, the plaintiff was incarcerated in Logan Correctional Center and proceeding to chow with other inmates. Defendant Gettleman, a correctional officer, was escorting the line of inmates. The plaintiff remarked to other inmates about a martial arts show he had seen on the Discovery channel the prior night. He began talking about a part of the show where a female was "hit in the twat."

Though the plaintiff was not referring to Defendant Gettleman (and did not even know Gettleman was within earshot), Defendant Gettleman told him "that comment was not going to be tolerated." The plaintiff tried to explain about the show and also said he did not even know what "twat" meant.

The next morning, December 8, 2003, the plaintiff was served with a disciplinary report written by Defendant Gettleman, accusing the plaintiff of saying, "I would kick her in the twat and make her bleed." The plaintiff was put in temporary confinement pending a hearing on the charge. Defendant Gettleman deliberately manipulated the system so that the plaintiff was placed in temporary confinement with no preliminary hearing as required by the Illinois Administrative Code.

The plaintiff was ultimately found guilty of sexual misconduct and intimidation/threats, despite witnesses who corroborated the plaintiff's version, and despite the fact that the ARB remanded once for interviewing of the plaintiff's requested witnesses. He lost six months good time credit, received six months of segregation, and six months of grade demotion. He filed a grievance to no avail. The evidence to support the charge was insufficient, and the plaintiff was not allowed to call all his witnesses.

On December 24, 2003, the plaintiff was transferred to segregation at Pontiac Correctional Center to serve out his segregation sentence. He did not receive adequate amounts of food and was not allowed to buy food from the commissary store. During the last 30 days of his segregation sentence, the plaintiff was transferred to Lawrence Correctional Center in Sumner, Illinois.

At Lawrence Correctional Center, the plaintiff is currently locked in his general population cell 23 hours per day, with one hour out-of-cell for recreation, five days per week. The other two days there is no outside-the-cell activity allowed at all.

*Analysis*

*Disciplinary Ticket, Hearings, and Findings*

The plaintiff's primary challenge is to the alleged false disciplinary ticket and hearings that caused him to lose six months good time and endure transfer to segregation cells in maximum security prisons.

These challenges cannot proceed under 42 U.S.C. § 1983. This is because inmates cannot

generally challenge the length of their incarceration through a § 1983 action.  Prisoners "challeng[ing] the fact or duration of their confinement [including loss of good time] and seek[ing] immediate or speedier release" must pursue their challenge under the habeas statute (if it can be pursued at all), not § 1983.  *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000).[1]

The plaintiff alleges that insufficient evidence supports the false disciplinary ticket, and that the testimony of his witnesses was disregarded, or not considered.  If true, he should not have been found guilty, and his good time should be restored, shortening his sentence.  Accordingly, the plaintiff challenges the duration of his confinement, a challenge which cannot be made under § 1983.

The court therefore must dismiss these claims without prejudice.  *See Glaus v. Anderson*, 2005 WL 1163673 *6 (7th Cir. 2005).  The court is not deciding the merits of the claims.  Dismissal "without prejudice" means that the plaintiff may file a habeas corpus action under 28 U.S.C. § 2254, subject to the rules and limitations of those proceedings. The court expressly states no opinion on the potential merits of a habeas corpus petition by the plaintiff.[2]  For example, a habeas petition may be time-barred, or barred because the plaintiff did not exhaust his state remedies.

*Conditions at Pontiac and Lawrence*

---

[1] It is not appropriate for the court to convert this § 1983 action into a habeas corpus action, because of their different requirements and consequences.  *See Moore v. Pemberton*, 110 F.3d 22, 23-34 (7th Cir. 1997)(discussing differences in actions); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). *Copus v. City of Edgerton*, 96 f.3d 1038, 1039 (7th Cir. 1996).

[2] The plaintiff should carefully consider the consequences and requirements of filing a habeas corpus action before doing so.  For example, habeas corpus actions have strict time limits and require exhaustion of state remedies.  28 U.S.C. § 2254(b)(1).  Additionally, prisoners are, for the most part, limited to bringing one habeas corpus petition.  *See* Rule 9 governing 28 U.S.C. § 2254 cases; *Pischke v. Litscher*, 178 F.3d at 500.  If the first petition is denied, second or successive petitions are not allowed except under very limited circumstances.  *See* 28 U.S.C. § 2244(b)(2).  Further, to succeed on the merits the plaintiff must show that the state's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Schaff v. Snyder*, 190 F.3d 513 (7th Cir. 1999).

The plaintiff says he did not get enough to eat at Pontiac, and that he is in his cell 23 hours per day at Lawrence, with one hour of out-of-cell recreation, five times a week.

An Eighth Amendment claim alleging cruel and an unusual punishment has two requirements: 1) the deprivation suffered was objectively, "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001); *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); and 2) the defendants were deliberately indifferent to that serious deprivation. *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). "While the Constitution does not require that prisons be comfortable, prison conditions do violate the Constitution where they 'deprive inmates of the minimal civilized measure of life's necessities.'" *Delaney*, 256 F.3d at 683, *citing Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The standard is judged against "contemporary standards," evolving with society. *Id.*

Prisons must maintain "humane conditions of confinement, *see Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994), which includes adequate food and exercise. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001). However, the court notes that confinement to segregation for 23 hours a day, with five hours out per week, may not alone raise Constitutional concerns. *See Walters v. Edgar*, 163 F.3d 430, 435 (7th Cir. 1999)(noting in passing that "it is customary to confine prisoners who are in segregation in the cells for 23 hours of the day"); *Davenport v. DeRobertis*, 844 F2d 1310, 1314 (7th Cir. 1988)(finding not clearly erroneous district court's conclusion that Eighth Amendment required prisoners in segregation for 90 or more days be allowed at least five hours of out-of-cell exercise per week). The court believes it would be premature, however, to dismiss what might be viable Eighth Amendment claims.

However, only those "personally responsible" for the conditions the plaintiff endured at Pontiac and Lawrence can be liable under § 1983. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Personal responsibility means participating directly in the constitutional violation or directing the unconstitutional conduct. A defendant may also be personally responsible if the "conduct occurred with his knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001), *citing Chavez v. Illinois State Police*, 251 F.3d 612, 652 (7th Cir. 2001).

All the defendants are employed at Logan Correctional Center, except for Defendant Walker. No inference of personal responsibility can arise against Logan employees for conditions at Pontiac and Lawrence prisons. Defendant Walker might be responsible if the plaintiff can prove Walker personally knew and approved of unconstitutional conditions the plaintiff suffered, but Walker cannot be liable under § 1983 solely because he is the boss. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)("The doctrine of *respondeat superior* can

not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights."). On the present allegations, no inference of personal responsibility arises against Defendant Walker regarding the plaintiff's lack of food and out-of-cell opportunities.

Further, there is no information on whether the plaintiff exhausted his administrative remedies on the prison conditions claims. The grievance he attaches regards only the disciplinary ticket.

The court will give the plaintiff an opportunity to submit an amended complaint regarding the conditions in segregation at Pontiac and/or Lawrence, naming the appropriate defendants and showing he has exhausted his administrative remedies.

IT IS THEREFORE ORDERED:

1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that:

    a)  The plaintiff's claims challenging Defendant Gettleman's disciplinary ticket and the ensuing segregation, hearing and punishment are barred by *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994), and progeny. Said claims are dismissed, without prejudice.

    b)  The plaintiff has failed to state Eighth Amendment claims against any of the named defendants because no inference arises that they were personally responsible for the prison conditions the plaintiff endured in Pontiac or Lawrence.

        i)  Defendants Sims, Gettleman, and Turley are dismissed, with prejudice, for failure to state an Eighth Amendment claim against them.

        ii)  Defendant Walker is dismissed, without prejudice to the plaintiff filing an amended complaint.

2)  Having dismissed all the defendants, the plaintiff's complaint is also dismissed.

3)  The plaintiff shall have 30 days from the date below to file an amended complaint for his Eighth Amendment claims regarding the prison conditions he suffered or is

5

suffering at Pontiac and/or Lawrence prisons. The amended complaint must list as defendants those personally responsible for said conditions, and must show exhaustion of administrative remedies. The amended complaint also must stand complete on its own, including exhibits, without reference to the prior complaint. The plaintiff must also provide a sufficient number of copies of the amended complaint, along with completed summons and marshal's forms, for service on the defendants.

4) Failure to file an amended complaint within 30 days from the date below will result in the termination of this case, without prejudice.

Entered this 25th Day of May, 2005.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE
