IN THE
UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS,
SPRINGFIELD DIVISION
FOR THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| RICHARD L. FULLER, <br>     Plaintiff, <br><br> -VS- <br><br> LARRY T. SIMS, et al., <br>     Defendant(s). | Appeal from the U.S. District Court for the Central District of Illinois. <br><br> Case No. 3:05-cv-3085 <br><br> Hon. Harold A. Baker, Judge Presiding. |

- **NOTICE OF APPEAL** -

BEFORE THE JUSTICES OF THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT:

1. Appeal from the United States District Court for the Central District of Illinois, Springfield Division.

2. RICHARD L. FULLER  ID. No. #B-35426
   Lawrence Corr. Ctr.
   R.R. 2, Box 31
   Sumner, Illinois  62466-9507

3. APPELLANT'S ATTORNEY

4. **Judgement**, by Judge Harold A. Baker, from May 25, 2005.

5. Dismissal of 42 U.S.C. § 1983 Civil Rights Action.

Date: 6-17-05

*Richard L Fuller*
RICHARD L. FULLER

ISSUES PLAINTIFF INTENDS TO PRESENT ON APPEAL

In accordance with Federal Rules of Appellate Procedure Rule 24(a)(1)(c), Plaintiff presents the following:

1. First, The Plaintiff wish to point out that, while District Court Judge, Baker, citing HECK v. HUMPHREY, 512 U.S. 477, 484-487 (1994), as the primary venue in reaching his decision——Plaintiff respectfully requests that this Court conducts a more careful examination-comparison of the issues in this case -- afterwhich, may very well come to a different conclusion.

2. That the unprovoked actions of Defendant Gettlemen was, among other things, an abuse and Misuse of authority and served to cause the Plaintiff significant hardship, violated Department's Disciplinary Process as she failed to notify her shift supervisor on the date of alleged incident, moreover, Defendant found a way to delay the matter until the following (12/08/03), the point and time Defendant apparently sought the assistant of her father, Lt. Turley, who gave the approval to segregate Plaintiff——said actions of both Defendants was an abuse of the Department's Disciplinary Procedure as well as served to violate the Plaintiff's Fifth and Fourteenth Amendments Rights to the U.S. Constitution.

3. Interestingly, the Logan Correctional Center, the location where the incident originated, Adjustment Committee Chairman acknowledged the credibility of the Plaintiff's two witnesses, yet, ultimately Ruled against Him by Ordering that Plaintiff serve Six (6) months Segregation time, Six months demotion to C-Grade, Six months loss of Statutory Good Time and or Good Conduct Credits followed by

(1)

transfer to a maximum security prison in Pontiac, Illinois. The actions of the Logan Corr. Ctr.'s Adjustment Committee was typical of their almost 100% percent guilty findings of Inmates challenging frivolous disciplinary issues - as well as a total disregard for the Plaintiff to have a compulsory process as set forth under the Sixth Amendment to the U.S. Constitution, and Plaintiff's Right to Due Process and Equal protection of the law under the 14Th Amdt.

4. The Warden, Larry T. Sims, of the Logan Correctional Center (twice) violated the Plaintiff's Sixth & Fourteenth Amendment Rights during his initial concurrence with his Adjustment Committee's decision——and again, when the IDOC's Administrative Review Board Remanded the matter to Him for further investigation of Plaintiff's witnesses testimony, suggesting that the Adjustment had apparently Not adequately considered the testimony of the Plaintiff's witnesses, thus, Warden Sims cannot be considered a progeny and is in fact liable for the Plaintiff's hardships resulting from his decision and or over-site not to reconsider the [ARB's] Remand of the matter - violated Sixth, Eighth and Fourteenth Amendments Rights to The U.S. Constitution.

5. The Illinois Department of Correction's Director, ROGER E. WALKER concurred with the decision of his (ARB) Board that ultimately finalized matter.

6. Finally, Judge Harold Baker ultimately misconstrued the final part of the Plaintiff's argument concerning the Pontiac and Lawrence Correctional Centers - both came after and as a result of the December 7, 2003, incident that originated at the Logan Correc-

(2)

tional Center, and Not intended to name these locations as additional Defendants, nor to give that impression.

**THEREFORE,** Plaintiff respectfully ask the Honorable Judges of the Seventh Circuit Court of Appeals - whereupon following their thorough review of the facts in evidence in this matter——that it be remanded with specific instructions to the District Court for further proceedings, or, this Court make a Ruling on its own powers that will give the Plaintiff a fair and just resolution of the issues set forth via his Section 1983 Complaint.

Respectfully Submitted,

*Richard L Fuller*
RICHARD L. FULLER
Reg. No. #B-35426
Lawrence Corr. Ctr.
R.R. 2, Box 31
Sumner, IL 62466-9507